BY THE COURT.
The evidence is inadmissible; if the defendant has rendered services for the plaintiffs, he should show what he has done; and if there was no agreement as to price, then call witnesses to show what such services are worth, by showing what others in like business usually charge; this does not look that way.
The defendant then produced three promissory notes given to him or order, and offered them in evidence, with proof that he had tendered them to the agent of the plaintiffs, and then told them he had sold the horses on credit.
BY THE COURT. The evidence does not show a general, but, if anv, a special and limited agency. The authorities are not applicable to the case in proof. The authority to take horses, for the purpose of this suit is admitted, for the plaintiffs ratify the act and affirm it by suing for the value of the property in the hands of the attorney, instead of disaffirming the act, and proceeding to vacate *500 the satisfaction of the judgment. The defendant, then, as a special agent, must show his authority to sell on credit, and the fact that he did sell on credit and took the notes offered, before they can avail him. This he does not attempt: that done, the tender of the notes might be proven, under a proper notice, and perhaps under the general issue ; but, without such proof, they are inadmissible. As to the disclosure of the acts of the agent, none is even now attempted ; no effort is made, or has been, to account for the sale of the horses, but the claim is, to allow the defendant to give his own declarations in evidence, to discharge himself, without in any way accounting with his principal for the horses, or showing when, where, and for how much the horses sold. That is a singular disclosure, one asserting no very strong claim on the ground of its honesty or fairness. If the defendant would place himself in an attitude for favor, let him do what honesty requires, show what he alone knows, what has been done with the property he received for the plaintiffs. Instead of which, he asks to be permitted to recover for his services, in attending to the sales, while he retains in his pocket the whole-proceeds, and refuses all account. Let him go further, and show what services he has rendered, and what they are worth, and not invert the order of things, by showing what possible services might be worth, without evidence that such were ever performed. He should, like a mechanic, show what he has done, and prove the common price of such work, not prove the common price of work, and leave it without any evidence that he performed any work. The straightforward, honest course, is the best one.
Bond, for the defendant, now asked leave to withdraw the notice of offset.
Brazee objected.
488] *BY THE COURT. We doubt if you can change the pleadings, in this stage of the case, unless under the statute on the payment,-®f costs. The statute is, that in appealed cases, the cause shall be tried on the pleadings in the court below, unless the court, on good cause, and on payment of costs, shall permit either party to amend. You can have leave to withdraw, on these terms.
But, although you cannot amend or change except on these terms, we think, from analogy with the practice, in case of defective counts in a declaration, you may abandon any part of the notice, which is merely saying to the jury, you do not wish them to regard any evidence offered under it. In this way, you may preserve *501 evidence for any future controversy, so'far as it regards the setoff. But, it may be well to consider how much of this proposed defence is inadmissible under the general issue, which would be barred by the finding of the jury upon that issue.
Brazee for the plaintiffs, and
Murphy and Douglas for the defendant.
Murphy, for the motion,
cited Arch. C. Pl. 112, 120, 137, 1 Wh. Sel. 37, 8, 9 ; 1 Ch. Pl. 234, 5.
Drazee, for the plaintiffs,
cited Paley on Agency, 56, 68, 397, 400; Liv. on Agency, 375, 6 ; 7 Mass. 36, 323; 4 B. & P. 43; 6 East. 333.
The defendant declined to withdraw on terms, or abandon. Ta<? case was argued to the jury, by
COLLETT, C. J. charged the jury. That upon the count for money had and received, if they were satisfied that the defendant had received horses for the plaintiffs and sold them, or otherwise converted them to his own use, so that they availed him as money, he was liable for them as such, at the price they were received at, unless other evidence was given of their value. It was the duty of the defendant to give his principals an account of the sales; if there was a gain in the sales, it was theirs, and if a loss, in such a case, that also would be theirs. The defendant knew, and could show the fact, and if he kept back the evidence in his power, the presumption of law applied to him, that the evidence, if produced, would operate against him, and therefore, he withheld it. In the absence of such proof, you may take the price at which the defendant received the horses, and charge him with that price.
As to the defendant’s setoff, he is entitled to a fair and liberal compensation for the services rendered by him for the plaintiffs, to be estimated on the evidence, at the price the like business is compensated for here, as there is no proof of a special contract.
The jury found a verdict for the plaintiffs for one hundred dollars damages.
The defendant moved in arrest of judgment, because the first count in the declaration is repugnant, inconclusive, uncertain, and UnsufRcent. This motion was taken under advisement to [489 Scioto county.
COLLETT, C. J. It is a well settled rule, that after verdict, whatever in reason must have been proved to make out the case, the *502 law holds was proven. A verdict cures a defective averment, which might have been bad if demurred to. In this case, the declaration is, that the defendant received, in satisfaction of the plaintiffs’ judgment, $350.40, for his own use, and in consideration of that, promised to pay the amount. This the verdict finds true. Surely this is a meritorious consideration. The attorney has got the plaintiff’s debt, and promises to pay him, and cannot he sue upon it? We think he can.
Motion overruled, and judgment for the plaintiff.
[On appeal pleadings and issues are same unless changed on leave; Kilgore v. Emmitt, 33 O. S. 410, 417.]